UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VED SOFTWARE SERVICES,

    Plaintiff,

v.                                                                    Case No. 07-15269

RUKMINAMMA SHIVA                        HONORABLE AVERN COHN
KUMAR KRISHNE GOWDA,

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO FILE COUNTER-COMPLAINT[1]

### I. Introduction

This is a contract dispute arising out of an employment relationship.  Plaintiff,

VED Software Services, Inc. (VSSI), is suing defendant, Rukinamma Shiva Kumar

Krishne Gowda,[2] claiming that Gowda breached an employment agreement essentially

by resigning before the term was complete.  Before the Court is Gowda's Motion to

Accept Late Filed Counter-Complaint in which he seeks leave to file a Counter-

Complaint against VSSI.  For the reasons that follow, the motion is GRANTED.

### II. Facts

VSSI is a Michigan corporation and Gowda is a citizen of India.  VSSI is a

software services company that recruits employees from India and other Asian

---

[1]The Court ordinarily would schedule this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

[2]Defendant's papers identify the defendant with a different surname, as follows: Rukminamma Shiva Kumar Krishne Kumar.  For convenience, the Court refers to defendant by the surname Gowda.

countries. On April 7, 2006, VSSI petitioned the government for a Temporary Worker's Visa (H1-B) for Gowda. While in India, Gowda received an offer of employment from VSSI and signed the offer of acceptance on October 23, 2006 (the Employment Letter). The document stated that Gowda would be required to sign an employment agreement upon arrival in the United States and that his services would be required for a minimum period of eighteen months.

After arrival in the United States, Gowda signed an employment agreement on February 9, 2007 which restated the requirement of an eighteen month time period to work for VSSI. Additionally, the agreement included an "at will" provision and requirement for two weeks advance notice by employee to terminate after the required eighteen months. If Gowda resigned before the eighteen months or was terminated for cause, he would be liable to VSSI for all expenses incurred in recruiting, hiring, marketing and placing Gowda.

Gowda was assigned to a new project to begin on July 2, 2007. Before beginning the new assignment, however, Gowda tendered his resignation to VSSI on June 23, 2007.

### III. Procedural History

On July 2, 2007, VSSI filed a complaint in state court, claiming breach of contract, unjust enrichment, and promissory estoppel. Gowda removed the case to federal court on the grounds of diversity jurisdiction. On December 18, 2007, Gowda filed an answer and affirmative defenses and a demand for jury. A scheduling order was entered allowing for 90 days of discovery, to be completed by April 14, 2008. On April 17, 2008, the Court entered a stipulated order extending discovery to June 16, 2008.

On June 9, 2008, Gowda filed the instant Motion to Accept Late Filed Counter-Complaint and a Counter-Complaint.  He seeks to bring a two count counter-complaint against VSSI for breach of contract and invalid contract provisions.  Gowda claims that the earlier Employment Letter, not the employment agreement, controls the parties relationship and says the at will provision is invalid because it was unilateral  - only VSSI could terminate the contract.  He further asserts he was a third party beneficiary of VSSI's contract with the government and failed to pay him proper wages.

IV.  Legal Standard

Rule 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of the court set up the counterclaim by amendment."  Fed. R. Civ. P. 13(f).  Granting a motion for leave to file a counterclaim pursuant to Rule 13(f) is reserved to the sound discretion of the district judge.  Shearson/American Exp., Inc. v. Mann, 814 F.2d 301, 308 (6th Cir. 1987).  In determining how to exercise this discretion, a district court "must balance the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained."  Budd Co. v. Travelers Indemnity Co., 820 F.2d 787, 793-93 (6th Cir. 1987).  However, amendment should be denied in situations where the "counterclaim [does] not raise new issues" or where "the claim itself [is] meritless."  Shearson/American Exp., Inc. 814 F.2d at 308 (internal citations removed).

V.  Analysis

VSSI objects to allowing Gowda to file a counter-complaint on the grounds that (1) it will be prejudiced because Gowda filed the motion less than one week before the close of discovery, (2) the proposed counter-complaint contains compulsory

counterclaims which should have been plead in the answer and Gowda does not have good cause for the omission, and (3) it is futile because the claims Gowda seeks to assert cannot withstand a motion to dismiss. VSSI's arguments are not well-taken. First, VSSI will not be prejudiced because discovery can be extended. Second, while Gowda did not explicitly detail his counter claims in his answer, the answer, fairly read, contains allegations which form the basis for the counter-complaint. He alleged that the Employment Letter was controlling. <u>See</u> Answer at ¶ 6; Affirmative Defenses at ¶ 2. . He further alleged that VSSI breached the parties agreement in several ways. <u>See</u> Answer at ¶ 13, 17, 21; Affirmative Defenses at ¶ 4, 6, 7, 8, 9, 12. Thus, VSSI was on notice of Gowda's claims. Moreover, Gowda says that some of the information in the counter-complaint was not available until he received certain discovery on April 15, 2008. Finally, while VSSI says that Gowda's counter claims cannot withstand a motion to dismiss, they do not elaborate on all aspects of Gowda's counter claims. The better course is to allow Gowda to file the counter-complaint. Should VSSI believe the counter claims fail to state a claim upon which relief may be granted, VSSI may file a motion to dismiss. The Clerk shall issue a new scheduling order, extending discovery by sixty (60) days.

       SO ORDERED.

Dated: July 7, 2008          <u> s/Avern Cohn                     </u>
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 7, 2008, by electronic and/or ordinary mail.

                                 <u> s/Julie Owens                     </u>
                                 Case Manager, (313) 234-5160